FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/9/2023 9:40 AM
JAMIE SMITH
DISTRICT CLERK
23DCCV1720

CAUSE NO. _____

| | | |
|---|---|---|
| K.H. AND V.H., INDIVIDUALLY AND AS NEXT FRIEND to S.H., a MINOR § § § | | IN THE DISTRICT COURT OF |
| *Plaintiffs,* § § | | |
| V. § § | | JEFFERSON COUNTY, TX |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, GREEN DOT PUBLIC SCHOOLS SOUTHEAST TEXAS, AND KELLY SERVICES, INC. § § § § § § | | |
| *Defendants.* § | | \_\_\_\_ JUDICIAL DISTRICT |

## I.

## PLAINTIFF'S ORIGINAL PETITION

Plaintiffs K.H. AND V.H., Individually and As Next Friend to S.H., a minor (collectively "Plaintiffs") file this action against BEAUMONT INDEPENDENT SCHOOL DISTRICT (hereinafter "BISD and/or Defendant"), GREEN DOT PUBLIC SCHOOLS SOUTHEAST TEXAS (hereinafter "GREEN DOT" and/or Defendant"), and KELLY SERVICES, INC. (collectively "Defendants") and for the cause of action would show unto the Court the following:

## II

## DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs intend to conduct discovery in this lawsuit under Level 3.

## III.

## CLAIM FOR RELIEF

2. Plaintiffs seek monetary relief over $1,000,000.

## IV.

## PARTIES

Copy from re:SearchTX

3.  Plaintiffs K. H. and V. H. is an Individual who resides in Jefferson County, Texas. Plaintiffs have a right to bring a claim on behalf of S.H., a minor as her parent.

4.  Defendant BEAUMONT INDEPENDENT SCHOOL DISTRICT is a U.S. Public School District under the laws of the State of Texas and operating in Texas. Defendant may be served with process by serving its Superintendent Dr. Shannon Allen, 3395 Harrison Avenue, Beaumont, Texas 77706 or anywhere Defendant may be found. Service of said Defendant as described above can be affected by personal delivery.

5.  Defendant GREEN DOT PUBLIC SCHOOLS SOUTHEAST TEXAS is a U.S. non-profit organization operating a charter school under the laws of the State of Texas and operating in Texas. Defendant may be served with process by serving its registered agent, Schulman, Lopez, Hoffer, & Adelstein, LLP, at 845 Proton Road, San Antonio, Texas 78258 or anywhere Defendant may be found. Service of said Defendant as described above can be affected by personal delivery.

6.  Defendant KELLY SERVICES, INC., is a Foreign For-Profit Corporation under the laws of the State of Texas and operating in Texas. Defendant may be served with process by serving its Registered Agent, CT Corp System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201 or anywhere Defendant may be found. Service of said Defendant as described above can be affected by personal delivery.

## V.
## **VENUE**

7.  Venue is proper in Jefferson County, Texas under §15.002(a)(2) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because Jefferson County is the county of residence for Defendants.

## VI.
## **FACTS**

8. Martin Luther King Middle School is a public charter school doing business in the state of Texas. The school is led by Green Dot Public Schools Southeast Texas in partnership with Beaumont Independent School District. They have assured the community of creating a safe and nurturing environment where students can focus on learning. However, a safe and nurturing learning environment was not demonstrated to S.H., a minor and student at Martin Luther King Middle School.

9. On or about November 15, 2021, K. H. brought a serious incident to the principal and staff of Martin Luther King Middle School against S. H.'s teacher, Mr. Malcolm Motton. This incident involved the sexual assault and subsequent harassment of S.H.

10. On or about November 10, 2021, in S.H.'s fourth-period class Malcolm Motton inappropriately rubbed up and down on S.H.'s bottom. The following day, S.H. was in the cafeteria when Malcolm Motton approached her at the table. She stood up and Malcolm Motton grabbed her breasts and squeezed them as he zipped up her jacket. He then proceeded to say, "Why do you wear tight pants? I can see your pussy print."

11. S.H. reported the incident to Principal Julia Rich and was told that after the video was reviewed, her parents would be called. Neither the school nor the school district, however, contacted K.H. or V.H. Moreover, when K. H. and V.H. went to the school to speak with school personnel, they were given an apology for not being called and told that "something important" had come up.

12. During this meeting, Principal Rich told K.H. and V.H. that an officer had escorted Malcolm Motton off campus and that he had been fired. Disturbingly, we learned from Lieutenant Pamela Haynes of the BISD Police Department, that BISD did not report the incident to them. Through investigation, Plaintiffs have learned that Principal Rich failed to report to law

Copy from re:SearchTX

enforcement and Child Protective Services that S.H. had been sexually harassed and was negligent in reporting the sexual harassment to a Title IX Coordinator and failing to inform K. H. and V.H. of the district's Title IX protocols and policies for investigating sexual harassment.

13. On or about November 16, 2021, V.H. and K. H. filed a report with the BISD Police Department. S.H. provided a written statement and V.H. and K.H. were allowed to watch video footage from the school with Lieutenant Haynes. Through investigation, it has been reported that the video is currently missing.

14. On or about November 29, 2021, K.H. called and made a report with Child Protective Services. The investigation of the allegation of Sexual Abuse with Defendant Malcolm Motten as Alleged Perpetrator was concluded and given a disposition of Reason to Believe.

15. Defendants failed to hire and adequately train their employees, resulting in Plaintiffs' injuries and damages. Defendants failed to protect and ensure the safety of S.H., a minor child in their custody.

## VII.
## CLAIM OF NEGLIGENT HIRING, SUPERVISING, TRAINING, AND/OR RETENTION AGAINST DEFENDANTS, BISD

16. Defendant BISD owed Plaintiffs a legal duty to hire, supervise, train, and/or retain competent administrators, staff, teachers and/or teacher's aids. Defendants breached said duty when they acted unreasonably, which is evidenced by their failure to hire, supervise, train, and/or retain administrators, staff, teachers, and teacher's aides. Plaintiffs' injuries and damages were proximately caused by Defendants' negligent hiring, supervising, training, and/or retention.

## VIII.

## CLAIM OF NEGLIGENT HIRING, SUPERVISING, TRAINING, AND/OR RETENTION AGAINST DEFENDANTS, GREEN DOT PUBLIC SCHOOLS SOUTHEAST TEXAS

17. Defendant GREEN DOT PUBLIC SCHOOLS SOUTHEAST TEXAS owed Plaintiffs a legal duty to hire, supervise, train, and/or retain competent administrators, staff, teachers and/or teacher's aids. Defendants breached said duty when they acted unreasonably, which is evidenced by their failure to hire, supervise, train, and/or retain administrators, staff, teachers, and teacher's aides. Plaintiffs' injuries and damages were proximately caused by Defendants' negligent hiring, supervising, training, and/or retention.

IX.

## CLAIM OF NEGLIGENT HIRING, SUPERVISING, TRAINING, AND/OR RETENTION AGAINST DEFENDANTS, KELLY SERVICES, INC.

18. Defendants, Kelly Services, Inc. owed Plaintiffs a legal duty to hire, supervise, train, and/or retain competent administrators, staff, teachers and/or teacher's aids. Defendants breached said duty when they acted unreasonably, which is evidenced by their failure to hire, supervise, train, and/or retain administrators, staff, teachers, and teacher's aides. Plaintiffs' injuries and damages were proximately caused by Defendants' negligent hiring, supervising, training, and/or retention.

X.

## NEGLIGENCE AGAINST DEFENDANT BISD

19. Plaintiffs incorporate all other paragraphs of this petition as if set forth fully herein.

20. Defendant owed a legal duty to Plaintiffs, K. H. and V. H., Individually, and as next friend to S.H., a minor to exercise ordinary care and to provide a reasonably safe school environment and/or to adequately warn her of an unreasonable risk of harm which it knew or should have known existed. Defendant breached that duty by failing to take adequate precautions and/or prevent one

of its employees from harming S.H., a student. This dangerous condition on the school premises proximately caused damages and injuries to Plaintiffs, K. H. and V. H., Individually and as next friend to S.H., a minor.

21. Furthermore, or in the alternative, Plaintiffs, K. H. and V. H., Individually, as next friend to S.H., a minor, will show that the Defendants failed to exercise the degree of care that a reasonable and prudent business entity would have under the same or similar circumstances.

22. Specifically, Plaintiffs, K. H. and V. H., Individually, as next friend to S.H., a minor, will show the Judge and Jury that the Defendant's failed to exercise the degree of care that a reasonable and prudent business entity would have under the same or similar circumstances, and the following acts, omissions and/or conditions, were a direct and proximate cause of Plaintiffs' damages:

(a) Failure to warn or give proper notice to Plaintiffs and other students, of the unreasonable risk of harm posed by Malcolm Motton;

(b) Failure to enact adequate safety or security policies or procedures, to protect Plaintiffs and other students from a known potential unreasonable risk of harm;

(c) Failure to warn parents and students of its reckless employee who they knew or should have reasonably known would act with such recklessness;

(d) Failing to act in a reasonably prudent manner to protect the safety and security of students, once an unreasonable risk of harm was known;

(e) Failing to terminate said employee so this type of assault on a student would not occur;

(f) Such further and other acts and omissions constituting negligence and gross negligence, as those terms are understood in law, as may be shown at the trial of this case.

Copy from re:SearchTX

Defendants had a duty to exercise ordinary care and to operate their business as would a reasonably prudent person under similar circumstances.

## XI.

### NEGLIGENCE AGAINST DEFENDANT GREEN DOT PUBLIC SCHOOLS SOUTHEAST TEXAS

23. Plaintiffs incorporate all other paragraphs of this petition as if set forth fully herein.

24. Defendant owed a legal duty to Plaintiffs, K. H. and V. H., Individually, and as next friend to S.H., a minor to exercise ordinary care and to provide a reasonably safe school environment and/or to adequately warn her of an unreasonable risk of harm which it knew or should have known existed. Defendant breached that duty by failing to take adequate precautions and/or prevent one of its employees from harming S.H., a student. This dangerous condition on the school premises proximately caused damages and injuries to Plaintiffs, K. H. and V. H., Individually and as next friend to S.H., a minor.

25. Furthermore, or in the alternative, Plaintiffs, K. H. and V. H., Individually, as next friend to S.H., a minor, will show that the Defendants failed to exercise the degree of care that a reasonable and prudent business entity would have under the same or similar circumstances.

26. Specifically, Plaintiffs, K. H. and V. H., Individually, as next friend to S.H., a minor, will show the Judge and Jury that the Defendant's failed to exercise the degree of care that a reasonable and prudent business entity would have under the same or similar circumstances, and the following acts, omissions and/or conditions, were a direct and proximate cause of Plaintiffs' damages:

   (a) Failure to warn or give proper notice to Plaintiffs and other students, of the unreasonable risk of harm posed by Malcolm Motton;

Copy from re:SearchTX

(b) Failure to enact adequate safety or security policies or procedures, to protect Plaintiffs and other students from a known potential unreasonable risk of harm;

(c) Failure to warn parents and students of its reckless employee who they knew or should have reasonably known would act with such recklessness;

(d) Failing to act in a reasonably prudent manner to protect the safety and security of students, once an unreasonable risk of harm was known;

(e) Failing to terminate said employee so this type of assault on a student would not occur;

(f) Such further and other acts and omissions constituting negligence and gross negligence, as those terms are understood in law, as may be shown at the trial of this case.

Defendants had a duty to exercise ordinary care and to operate their business as would a reasonably prudent person under similar circumstances.

## XII.
## NEGLIGENCE AGAINST DEFENDANT KELLY SERVICES, INC.

27. Plaintiffs incorporate all other paragraphs of this petition as if set forth fully herein.

28. Defendant, Kelly Services, Inc., owed a legal duty to Plaintiffs, K. H. and V. H., Individually and as next friend to S.H., a minor to exercise ordinary care and to provide a reasonably safe school environment and/or to adequately warn her of an unreasonable risk of harm which it knew or should have known existed. Defendant breached that duty by failing to take adequate precautions, and/or prevent one of its employees from harming S.H. a student. This dangerous condition on the school premises proximately caused damages and injuries to Plaintiffs, K. H. and V. H., Individually and as next friend to S.H., a minor.

Copy from re:SearchTX

29.  Furthermore, or in the alternative, Plaintiffs, K. H. and V. H., Individually, as next friend to S.H., a minor will show that the Defendants, Kelly Services, Inc., failed to exercise the degree of care that a reasonable and prudent business entity would have under the same or similar circumstances.

30.  Specifically, Plaintiffs, K. H. and V. H., Individually, as next friend to S.H., a minor will show the Judge and Jury that the Defendant's, Kelly Services, Inc., failure to exercise the degree of care that a reasonable and prudent business entity would have under the same or similar circumstances and the following acts, omissions and/or conditions, were a direct and proximate cause of Plaintiff's damages:

(a)   Failure to warn or give proper notice to Plaintiffs and other students, of the unreasonable risk of harm posed by Malcolm Motton;

(b)   Failure to enact adequate safety or security policies or procedures, to protect Plaintiffs and other students, from a known potential unreasonable risk of harm;

(c)   Failure to warn parents and students of its reckless employee who they knew or should have reasonably known would act with such recklessness;

(d)   Failing to act in a reasonably prudent manner to protect the safety and security of students, once an unreasonable risk of harm was known;

(e)   Failing to terminate said employee so this type of assault on a student would not occur;

(f)   Such further and other acts and omissions constituting negligence and gross negligence, as those terms are understood in law, as may be shown at the trial of this case.

Copy from re:SearchTX

Defendants had a duty to exercise ordinary care and to operate their business as would a reasonably prudent person under similar circumstances.

## XIII.
## RESPONDEAT SUPERIOR

31. Plaintiff affirmatively pleads that any alleged negligence on the part of Defendant Malcolm Motton was committed while he was acting within the course and scope of his employment with Defendants, BISD, Green Dot, and Kelly Services, Inc., Thus, his negligence is imputed to BISD, Green Dot, and Kelly Service, Inc., under the legal theory of Respondeat Superior.

## XIV.
## GROSS NEGLIGENCE AGAINST DEFENDANT'S BISD, GREEN DOT AND KELLY SERVICES, INC.,

32. Plaintiff would further show that Defendant's conduct, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Further, Defendants had actual subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, and/or welfare of others, including K. H. and V.H., Individually and as next friend to S.H., a minor. Accordingly, they are entitled to recover exemplary or punitive damages in addition to their actual damages.

## XV.
## VIOLATION OF TITLE IX 20 U.S.C. §1681 AGAINST DEFENDANTS, BISD AND GREEN DOT

33. Furthermore, or in the alternative, Plaintiff will show that S.H., a minor was a student in the custody of Defendants BISD and Green Dot at the time of the incident and that Plaintiff, S.H., a minor, was subject to sexual harassment by Defendant Malcolm Motton, who was in a position of authority at the institution. Defendants BISD and Green Dot had a duty to protect

Copy from re:SearchTX

Plaintiff from harm. Defendants breached that duty by failing to take reasonable steps to prevent or address the sexual harassment and was negligent in reporting the sexual harassment to authorities and a Title IX Coordinator. Defendants failed to inform Plaintiffs K.H. and V. H., Individually and as next friend to S.H., a minor of the district's Title IX protocols and policies for investigating sexual harassment. Defendants violated statute 20 U.S.C. §1681 by failing to provide protection to Plaintiff and failing to take reasonable steps to prevent or address sexual harassment. The breach of duty was the proximate cause of Plaintiffs' harm and Plaintiffs' suffered damages as a result.

## XVI.
## DAMAGES

34. The acts and omissions of the Defendants were the direct and proximate cause of S.H. a minor's injuries and damages, which include:

    a. Mental anguish in the past and future;

    b. Mental anxiety, emotional distress, physical pain and suffering in the past and future;

    c. Filial consortium;

    d. Medical care and expenses of S.H.; past and future;

    e. Physical and emotional scars.

35. The acts and omissions of the Defendants were the direct and proximate cause of K. H.'s damages, which include:

    a. Mental anguish in the past and future;

    b. Mental anxiety, emotional distress, physical pain and suffering in the past and future;

    d. Medical care and expenses of S.H.; past and future;

Copy from re:SearchTX

36. The acts and omissions of the Defendants were the direct and proximate cause of V. H.'s damages, which include:

    a.    Mental anguish in the past and future;

    b.    Mental anxiety, emotional distress, physical pain and suffering in the past and future;

    d.    Medical care and expenses of S.H.; past and future;

## XVII.
## PRESERVATION OF EVIDENCE

37. Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; video recordings; audio recordings; recordings of any other variety; business and medical records; bills; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; emails; voicemail messages; text messages; investigation notes and reports; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiffs, the referenced incident, and/or any damages resulting therefrom; or any other incident at Defendant BISD and/or Green Dot prior to the incident made the basis of this lawsuit in which a patron of Defendant BISD and/or Green Dot was injured while on the premises. Failure to maintain such items will constitute spoliation of evidence.

## XVIII.
## REQUEST FOR DISCLOSURE

38. Pursuant to Rule 194 of the Texas Rules of Civil Procedure (amended and effective January 1, 2021), Defendant is required to disclose, produce the information, and material described in Rule 194.2 within thirty (30) days of the service of this request at the office of the undesigned. A

Copy from re:SearchTX

party must make the initial disclosures at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order. But if the responsive documents are voluminous, the response must state a reasonable time and place for the production of documents.

## XIX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, K.H. AND V. H., Individually and as next friend to S.H., a minor, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; exemplary damages; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE COX PRADIA LAW FIRM**

By: */s/ Troy J. Pradia*
**Troy J. Pradia**
Texas Bar No. 24011945
2402 Rosedale Street
Houston, Texas 77004
Tel. (713) 752-2300
Fax. (713) 752.2812
E-mail: tjp@coxpradialaw.com
E-Service: eservetjp@coxpradialaw.com

**ATTORNEY FOR PLAINTIFF**

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Troy Pradia on behalf of Troy Pradia
Bar No. 24011945
tjp@coxpradialaw.com
Envelope ID: 81468818
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 11/9/2023 10:10 AM CST

Associated Case Party: KH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shontrell Wade | | shon@coxpradialaw.com | 11/9/2023 10:00:36 AM | SENT |
| Troy JPradia | | eservetjp@coxpradialaw.com | 11/9/2023 10:00:36 AM | SENT |
| Troy JPradia | | tjp@coxpradialaw.com | 11/9/2023 10:00:36 AM | SENT |